**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **MICHAEL J. SANTARSIERE,** | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **C.A. No. 06-10471RWZ** |
| | : | |
| **AMERICAN AUTO AUCTION** | : | |
| **SERVICES, LLC and NEW ENGLAND** | : | |
| **AUTO AUCTION, INC. d/b/a AMERICAN** | : | |
| **AUTO AUCTION,** | : | |
| Defendants | : | |
| | : | |

**FIRST AMENDED COMPLAINT**

## I. Introductory Statement

In this action the Plaintiff, Michael J. Santarsiere ("Santarsiere"), asserts claims for compensatory damages, interest and costs of litigation caused by the negligence of Defendants for their failure to properly maintain their place of business in a reasonably safe manner, which led to Santarsiere being injured.

## II. Parties

1.      Santarsiere is a resident and citizen of the Town of Naugatuck, County of New Haven, State of Connecticut.

2.      Defendant, American Auto Auction Services, LLC ("American Auto Services") is a Limited Liability Company organized pursuant to the laws and a citizen of the State of Delaware, having a principal office located at 6205 Peachtree Dunwoody Road, Atlanta, Georgia. At all times relevant herein, it has also maintained an office at 123 Williams Street, North Dighton, Bristol County, Massachusetts.

3.      Defendant, New England Auto Auction, Inc. d/b/a American Auto Auction, LLC ("New England Auto Auction"), is a corporation organized and existing pursuant to the laws and a citizen of the Commonwealth of Massachusetts, having a principal place of business in Walpole, Massachusetts.

### III. Jurisdiction

4.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that this is a civil action wherein the matter in controversy exceeds the value of $75,000 (exclusive of interest and costs) and is between citizens of different states.

### IV. Venue

5.      Venue is proper in this Court and district pursuant to 28 U.S.C. § 1391(a), since the events giving rise to Santarsiere's claims occurred and the location of the Premises (described below) are within this judicial district.

### V. Allegations Common to All Causes of Action

6.      At all times relevant herein, Defendants owned, operated, managed, controlled, possessed and/or maintained a parcel of real estate and business located at 123 Williams Street, North Dighton, Massachusetts (the "Premises").

7.      At all times relevant herein the Defendants were in the business of wholesale motor vehicle auctions and/or sales and conducted such business at the Premises.

8.      At all times relevant herein, the Premises was under the control and/or management of the Defendants, their employees, servants, and/or agents.

9.      At all times relevant herein, the automobile which acted as the instrumentality causing the Plaintiff's injuries was under the control and/or management of the Defendants, their employees, servants, and/or agents.

10.     At or about May 18, 2004, Santarsiere was lawfully on the Premises as a business invitee of the Defendants.

11.     At all relevant times and places, Santarsiere was in the exercise of due care.

12.     At said time and place, Santarsiere was viewing a Mitsubishi Galant (the "automobile") that was located in Lane 05-0122.

13.     As Santarsiere was standing in front of the automobile viewing the engine, the automobile suddenly lurched forward without warning and stuck Santarsiere, causing serious injures, physical and emotional pain, and embarrassment.

14.     As a result, Santarsiere was forced to seek and undergo medical treatment and incurred expenses for the same, suffered and will continue to experience pain and suffering, loss of enjoyment of life, and inconvenience as the result of his injuries and lost wages and earning capacity.

### VI.  Claims For Relief

### COUNT I - NEGLIGENCE

15.     Santarsiere incorporates herein the allegations contained in paragraphs 1-13 above.

16.     The actions of Defendants currently known and unknown to Santarsiere, through their employees, servant, and/or agents, including but not limited to those described herein, constitute negligence insofar as the Defendants had a duty to Santarsiere to maintain the Premises in a reasonably safe condition and failed to do so, thereby breaching their duty and causing injuries to Santarsiere when they:

a.   failed to properly secure the automobile at its location;

b.   failed to properly and reasonably inspect the automobile so as to prevent it from moving from its parked position;

c.  placed the automobile in a location which was unattended and with no signs or other warnings of the automobiles propensity to lurch forward;

d.  failed to adequately supervise and inspect the automobiles at the auction; and

e.  failed to utilize or employ safety mechanisms to prevent the automobile from lurching forward.

17.  As a result of Defendants' negligence and/or that of its employees, agents, and/or representatives, Santarsiere was struck by the automobile and sustained injuries of body and mind, was forced to incur expenses for medical treatment, was unable to engage in his normal and usual activities, and has been permanently and adversely affected.

## COUNT II – *RES IPSA LOQUITUR*

18.  Santarsiere incorporates herein the allegations contained in paragraphs 1-17 above.

19.  The actions of Defendants currently known and unknown to Santarsiere, through their employees, servant, and/or agents, including but not limited to those described herein, constitute *Res Ipsa Loquitur* insofar as:

a.  the automobile that struck Santarsiere was under the control and management of Defendants;

b.  Santarsiere was injured by the automobile;

c.  in the normal course of events, the injury to Santarsiere would not have occurred had Defendants used ordinary care while the automobile was under their management and control.

## VII.  Prayers for Relief

**WHEREFORE**, Santarsiere prays that this Honorable Court enter judgment:

a.  Granting Santarsiere compensatory damages for Defendants' negligence.

4

b.     Awarding Santarsiere the costs of this action.

c.     Granting such other and further relief as this Honorable Court deems just and proper.

## VIII.  Demand for Jury Trial

Santarsiere hereby demands a trial by jury on all counts so triable.

## IX.  Designation of Trial Counsel

Santarsiere hereby designates Michael F. Drywa, Jr., Esquire, as trial counsel.

PLAINTIFF
By His Attorneys,

Dated:  March 22, 2006                                         /s/  Michael F. Drywa, Jr., Esq.
                                                              Michael F. Drywa, Jr., Esq. (#642654)
                                                              John Reilly & Associates
                                                              Summit West – Suite 330
                                                              300 Centerville Road
                                                              Warwick, RI 02886
                                                              (401) 739-1800
                                                              (401) 738-0258 (fax)

## CERTIFICATION

It is hereby certified that a copy of the foregoing has been sent, via first class mail, postage prepaid, to **American Auto Auction Services, LLC, c/o their AFS, Corporation Service Company**, 84 State Street, Boston, Massachusetts 02109 and **New England Auto Auction, Inc. d/b/a American Auto Auction, c/o their AFS, Corporation Service Company,** 84 State Street, Boston, Massachusetts 02109 this 22nd day of March, 2006.

/s/ Michael F. Drywa, Jr., Esq.
Michael F. Drywa, Jr., Esq.